# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTRY McNALLY; RUBY BELL, <br><br> Plaintiffs, <br><br> v. <br><br> EYE DOG FOUNDATION FOR THE BLIND, INC.; EYE DOG FOUNDATION PROFIT SHARING PLAN; and GWEN BROWN, <br><br> Defendants. | 1:09-cv-1184 AWI SKO <br><br> ORDER GRANTING AMENDED MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANTS <br><br> (Doc. 22) |

## INTRODUCTION

On March 17, 2010, Defendants' counsel H. Steven Schiffres, Esq., of Rosoff, Schiffres & Barta filed an Amended Motion to Withdraw as Counsel for Defendants.[1] (Doc. 22.) The motion was scheduled to be heard at 9:30 a.m. on April 30, 2010, before this Court. On April 20, 2010, the Court determined the matter was suitable for decision without oral argument, and the matter was taken under submission pursuant to Local Rule 230(g).

///

///

---

[1] Although Howard Rosoff of Rosoff, Schiffres & Barta appears on this case's docket as representing Defendants, Mr. Schiffres filed the present motion and supporting declaration.

**RELEVANT PROCEDURAL BACKGROUND**

Plaintiffs Montry McNally and Ruby Bell filed a complaint on July 8, 2009, and a First Amended Complaint ("FAC") on November 25, 2009, against the Eye Dog Foundation for the Blind, Inc.; its Executive Director, Gwen Brown; and the Eye Dog Foundation Profit Sharing Plan. The FAC alleges causes of action arising under the Employee Retirement Income Security Act of 1974, including breach of fiduciary duties; failure to comply with the beneficiaries' request for information; breach of contract; breach of duty of good faith and fair dealing; fraud; negligent misrepresentation; violation of Cal. Bus. & Prof. Code section 17200 *et seq.*; and intentional infliction of emotional distress. Plaintiffs seek declaratory relief, monetary damages plus interest and fees and costs of suit. (Doc. 17.)

On December 15, 2009, Defendants filed their answer to the FAC. (Doc. 18.) Counsel for Defendants thereafter filed an amended motion to withdraw as counsel under Local Rule 182(d) and Rule 3-700(C)(1)(f) of the California Rules of Professional Conduct on the basis of lack of communication with Defendants, leading "directly to an irreconcilable conflict regarding the conduct of the defense." (Doc. 22 at 4.) Furthermore, according to counsel, Defendants have failed and refused for several months to pay counsel's fees. (Doc. 22 at 4-5.)

**DISCUSSION**

Local Rule 182(d) provides as follows:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw. Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules. The authority and duty of the attorney shall continue until relieved by order of the Court issued hereunder. Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

Attached to counsel's motion is the Declaration of H. Steven Schiffres, in which counsel indicates that "irreconcilable differences have arisen between [counsel and Defendants] as to matters

relative to the defense of the lawsuit," resulting in "an irremedial breakdown in communication between Defendants and [counsel], precluding [counsel] from effectively representing Defendants in this lawsuit and to maintain an appropriate attorney-client relationship." (Am. Schiffres Decl. ¶ 6.) Counsel further declares that Defendants have failed to pay attorney's fees, despite counsel's repeated efforts to collect such fees, and that counsel notified Defendants in writing on several occasions of counsel's intent to withdraw. (Am. Schiffres Decl. ¶¶ 7-8.)

Counsel for Defendants has provided complete contact information for Defendants. (Am. Schiffres Decl. ¶ 3.) Counsel indicates he has served the instant motion upon Plaintiffs' counsel and Defendants. (*See* Doc. 22 [Proof of Service].) No opposition to the instant motion has been filed.

Rule of Professional Conduct 3-700(C)(1)(f) provides that an attorney may request permission to withdraw if the client breaches an agreement or obligation as to expenses or fees. Rule 3-700(A)(2) also provides that a "member shall not withdraw from employment until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3-700(D),[2] and complying with applicable laws and rules." Here, counsel has provided Defendants with notice of the motion and with time to find additional counsel. Defendants have not opposed the motion. Moreover, this litigation is in its early stages. Therefore, the risk of prejudice to Defendants is minimal if this motion is granted.

Because no opposition has been filed and there appears to be no prejudice to Defendants, the motion will be granted. However, Defendants are advised that "a corporation may appear in the federal courts only through licensed counsel." *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993); *United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (per curiam); *see also Osborn v. Bank of U.S.*, 22 U.S. (9 Wheat.) 738, 829 (1824). All artificial entities must appear in federal court through counsel. *Rowland*, 506 U.S. at 202. Additionally, this Court's Local Rule 183(a) provides: "A corporation or other entity may appear only by an attorney."

---

[2] Section 3-700(D) pertains to returning property and funds to clients.

3

Accordingly, IT IS HEREBY ORDERED that:

1. The amended motion to withdraw as counsel is GRANTED;
2. Counsel is ordered to serve a copy of this order on Defendants via email and the United States Postal Service forthwith. Counsel shall provide the Court with a declaration indicating proof of service;
3. The Clerk of the Court is ORDERED to RELIEVE Rosoff, Schiffres & Barta as counsel for Defendants; and
4. Defendants shall retain counsel or provide the Court with a statement regarding their intention to obtain counsel within sixty (60) days of the date of this order.

IT IS SO ORDERED.

**Dated:   April 23, 2010**                         /s/ Sheila K. Oberto
                                                                       UNITED STATES MAGISTRATE JUDGE