IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTRY MCNALLY; RUBY BELL; and KENNETH BALES,<br><br>　　　　　Plaintiffs,<br>　　v.<br><br>EYE DOG FOUNDATION FOR THE BLIND, INC.,<br><br>　　　　　Defendants. | 1:09-CV-1731  AWI SMS<br><br>ORDER ON PLAINTIFF'S MOTION FOR EX PARTE TEMPORARY RESTRAINING ORDER<br><br>(Document # 28) |

　　　　This is an action concerning whether Plaintiffs are entitled to benefits under ERISA. Plaintiffs allege a violation of ERISA and several state tort claims. Plaintiffs contend that, despite Defendants' denial that an ERISA Plan exists, they have discovered a Plan with assets valued at $254,950.48. Because Defendants have recently removed $49,000.00 from this account, Plaintiffs seek a temporary restraining order requiring Defendants to return the $49,000.00 and an order freezing the account until the resolution of this action.

　　　　Under Rule 65(b), a court may issue an *ex parte* temporary restraining order only if:  (1) it clearly appears . . . that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.  Fed. R. Civ. Pro. 65(b); <u>Reno Air Racing Ass'n v. McCord</u>, 452 F.3d 1126, 1130 (9th Cir. 2006). Rule

65(b)'s requirements are "stringent," and temporary restraining orders that are granted *ex parte* are to be "restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." Granny Goose Foods, Inc. v. Brotherhood of Teamsters, 415 U.S. 423, 438-39 (1974); McCord, 452 F.3d at 1131.

Here, Plaintiffs have not sufficiently met their burden of justifying an *ex parte* restraining order. From the submission of the parties, it is apparent that counsel for both Plaintiffs and Defendants have been in contact with each other and Plaintiffs have attempted to serve Defendants with a copy of the pending motion for a temporary restraining order. Because Plaintiffs' motion does not show sufficient reason why Defendants should not be given notice and an opportunity to be heard, *ex parte* relief is not appropriate. However, the court instead will treat the motion as a request for a preliminary injunction and set an expedited briefing schedule and hearing date.

Accordingly, IT IS HEREBY ORDERED that :

1. Plaintiffs' *ex parte* motion for temporary restraining order is DENIED;
2. Defendant may file an opposition on or by May 14, 2010;
3. Plaintiff may file a reply on or by 12:00 p.m. May 19, 2010; and
4. Hearing on the Plaintiff's motion will be held on May 24, 2010, at 1:30 p.m..

IT IS SO ORDERED.

Dated:   May 7, 2010                        /s/ Anthony W. Ishii
                                      CHIEF UNITED STATES DISTRICT JUDGE

daw