IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTRY MCNALLY; RUBY BELL; and KENNETH BALES,<br><br>           Plaintiffs,<br>   v.<br><br>EYE DOG FOUNDATION FOR THE BLIND, INC.,<br><br>           Defendants. | 1:09-CV-1184  AWI SMS<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION**<br><br>(Document # 28) |

## BACKGROUND

This is an action concerning whether Plaintiffs are entitled to benefits under ERISA. Plaintiffs are the beneficiaries of the estate of Lequita McKay, Defendant Eye Dog Foundation for the Blind, Inc.'s previous employee. Plaintiffs allege violations of ERISA and several state tort claims. Plaintiffs contend that, despite Defendants' denial that an ERISA Plan exists, they have discovered a Plan with assets valued at $254,950.48. Because Defendants have recently removed $49,000.00 from this account, Plaintiffs request a temporary restraining order requiring Defendants to return the $49,000.00 and an order freezing the account until the resolution of this action.

On May 7, 2010, the court denied Plaintiffs' motion to the extent it had been filed as an *ex parte* temporary restraining order because Plaintiffs had not shown sufficient injury if Defendants were heard in opposition. However, the court construed Plaintiffs' motion as a

1 request for a noticed motion for a preliminary injunction.  The court ordered that Defendants
2 could file any opposition on or by May 14, 2010.   The court set a hearing on Plaintiffs' motion
3 for May 24, 2010, at 1:30 p.m.
4     Defendants have not file any opposition to Plaintiffs' motion.
5     On May 18, 2010, Plaintiffs filed a notice that they had not received any opposition from
6 Defendants.
7     On May 24, 2010, at 1:30 p.m. the court held a hearing.   Plaintiffs' attorneys attended the
8 hearing.   The case was called after 1:30 p.m.  Neither Defendants nor anyone acting on their
9 behalf appeared at the hearing.   At the hearing, the court granted Plaintiffs' motion.

## LEGAL STANDARD

A party seeking a preliminary injunction must demonstrate that the party is likely to succeed on the merits, that the party is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in the party's favor, and that an injunction is in the public interest.  Winter v. Natural Res. Def. Council, Inc., – U.S. – , 129 S.Ct. 365, 374 (2008); National Meat Ass'n v. Brown, 599 F.3d 1093, 1097 (9th Cir. 2010).  "In each case, courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief."  Indep. Liv. Cntr. of Southern Cal., Inc. v. Maxwell-Jolly, 572 F.3d 644, 651 (9th Cir. 2009) (quoting Winter, 129 S.Ct. at 376) (internal quotation marks omitted)).   Following the Supreme Court's holding in Winter, the Ninth Circuit has held that, "[t]o the extent that our cases have suggested a lesser standard, they are no longer controlling, or even viable."  Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (internal quotes omitted).

## DISCUSSION

Title 29 U.S.C. § 1132(a)(1)(A) allows for a civil action by an ERISA participant or beneficiary for relief if an ERISA plan administrator fails to comply with ERISA's requirements or fails to supply requested information.  29 U.S.C. § 1132(a)(1)(A).   Section 1132(a)(1)(B)

allows an ERISA participant or beneficiary to recover benefits due under the terms of a plan, to enforce rights under a plan, or to clarify future benefits under a plan. 29 U.S.C. § 1132 (a)(1)(B). Section 1133 requires a plan to: (1) provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant," and (2) "afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim." 29 U.S.C. § 1133.

    Lequita McKay was employed by Defendant Eye Dog Foundation for the Blind, Inc. Plaintiffs are the beneficiaries of Ms. McKay's estate. Plaintiffs claim that they are entitled to Ms. McKay's ERISA benefits. In this action, Defendants have taken the position that no legally valid ERISA plan exists. However, Plaintiffs provide evidence of an ERISA plan for Defendants' employees. Specifically Plaintiffs have provided evidence from Stephanie Copner of Retirement Plan Consultants in Fresno showing that a Plan exists and the value of the Plan. Plaintiffs provide evidence that they received an April 2008 statement (Morgan Stanley account number 238 133040 151) which showed the total asset value of the Plan as $254,950.48. In 2008, the account was in the name of Lequita McKay/Eye Dog Foundation. Plaintiffs provide evidence that on Wednesday, April 28, 2010, Plaintiffs' counsel received a March 2010 statement from Stephanie Copner. The account name has now been changed to Michael Hannon, Lucille Gibbons and Gwen Brown/Eye Dog Foundation and the account number was changed to 238 133040 165. Plaintiffs provide evidence that the March 2010 statement showed $49,000 had been removed from the Morgan Stanley account by Defendants on or about March 8, 2010. Plaintiffs provide evidence that Defendants have failed to provide Plaintiffs with written or electronic notification of why Plaintiffs are not entitled to benefits under the Plan.

    Plaintiffs have shown they are likely to succeed on the merits of their ERISA claims. The evidence provided shows that Defendants have an ERISA Plan, which is contrary to

Defendants' position that no Plan exists. Plaintiffs have requested benefits under the Plan, and their request has been ignored. Given the evidence of a Plan, at a minimum, Plaintiffs have shown they are likely to succeed on their ERISA claim concerning Defendants' failure to provide notification as to why Ms. McKay is not eligible for benefits under the Plan.[1]

The court also finds that Plaintiffs are likely to suffer irreparable harm in the absence of preliminary relief and that the balance of equities tips in Plaintiffs' favor. The evidence shows that Defendants have withdrawn money from the Plan to make a payment unrelated to ERISA benefits. Given Defendants ability to withdraw funds from the Plan's account, Plaintiffs will suffer irreparable harm if all money is withdrawn from the Plan prior to the resolution of this action.

Finally, the court finds that an injunction is in the public interest. The evidence indicates that at this time no one else is receiving benefits from the Plan's accounts. Thus, an injunction freezing the account will not harm the interests of third parties.

Accordingly, the court finds a preliminary injunction should be issued to freeze the assets in the Morgan Stanley accounts relating to the Plan and to enjoin and restrain Defendants, their officers, agents, employees, representatives, and all persons acting in consert or participating with them from withdrawing funds from Morgan Stanley account numbers 238 133040 151 and 238 133040 165 or any other accounts relating to the Plan. However, the court will deny Plaintiffs' motion to the extent it also requests this court order Defendants to return the $49,000 taken from the Plan's assets. Plaintiffs have failed to provide sufficient evidence of the amount they are owed pursuant to the ERISA Plan.[2]

---

[1] Because Plaintiffs have shown a likelihood of success on the ERISA claims, the court finds it is unnecessary to determine if Plaintiffs are also likely to succeed on their state law claims.

[2] The court notes that the $49,000 can be traced because it was given to Plaintiffs to settle another legal action.

**ORDER**

Accordingly, the court ORDERS that:

1. Plaintiffs' motion for a preliminary injunction is GRANTED;
2. Defendants and Defendants' officers, agents, servants, employees, attorneys and those in active concert or participation with them are HEREBY ENJOINED, pending trial of this action, from withdrawing funds from Morgan Stanley account numbers 238 133040 151 and 238 133040 165 or any other accounts relating to the Eye Dog Foundation for the Blind Profit Sharing Plan;
3. Plaintiffs SHALL pay a bond in the amount of $5,000; and
4. This order takes effect upon Plaintiffs' payment of the bond.

IT IS SO ORDERED.

Dated:   **May 26, 2010**                   **/s/ Anthony W. Ishii**
                                     CHIEF UNITED STATES DISTRICT JUDGE