1

2

3

4

5

6

7

8

9

10

**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 11 MONTRY McNALLY; RUBY BELL; and KENNETH BALES, | CASE NO. 1:09-cv-01184-AWI-SKO |

11  MONTRY McNALLY; RUBY BELL; and
    KENNETH BALES,                                CASE NO. 1:09-cv-01184-AWI-SKO

12                                                **ORDER DENYING MOTION TO**
                    Plaintiffs,                   **WITHDRAW AS ATTORNEY OF**
13                                                **RECORD FOR DEFENDANTS**
                                                  **WITHOUT PREJUDICE**
14        v.

15  EYE DOG FOUNDATION FOR THE
    BLIND, INC., EYE DOG FOUNDATION              (Docket Nos. 48, 49)
    PROFIT SHARING PLAN, GWEN
16  BROWN, and DOES 1 through 50,

17
                    Defendants.
18
    _____ /
19

20          On September 3, 2010, counsel for Defendants Gwen Brown and Eye Dog Foundation for

21  the Blind, Inc. ("Defendants") filed a Motion to Withdraw as Attorney of Record for Defendants

22  ("Motion to Withdraw").  (Doc. 48.)  Defendants' counsel also filed an "Ex Parte Application for an

23  Order to Shorten Time on Motion to Withdraw as Attorney of Record for Defendants" ("Application

24  to Shorten Time").  (Doc. 49.)

25          The Local Rules ("L.R.") for the U.S. District Court for the Eastern District of California

26  provide specific requirements for the withdrawal of counsel where, as here, the attorney will leave

27  the client in propria persona.  (L.R. 182(d).)  Local Rule 182(d) provides, in relevant part, as follows:

28

1   Unless otherwise provided herein, an attorney who has appeared may not withdraw
    leaving the client in propria persona without leave of court upon noticed motion and
2   notice to the client and all other parties who have appeared. The attorney shall
    provide an affidavit stating the current or last known address or addresses of the
3   client and the efforts made to notify the client of the motion to withdraw.

4        The Court has reviewed Defendants' counsel's Motion to Withdraw and finds that it does not

5   comport with the requirements of Local Rule 182(d). The declaration filed by Defendants' counsel

6   in support of his motion does not provide "the current or last known address or addresses of the

7   client." (L.R. 182(d).) Further, the declaration does not set forth counsel's efforts to notify

8   Defendants of the Motion to Withdraw or the Application to Shorten Time. Finally, neither the

9   Motion to Withdraw nor the Application to Shorten Time is accompanied by proofs of service on

10  Defendants indicating that they were provided notice of counsel's attempt to withdraw as their

11  attorney of record. Without meeting the requirements of L.R. 182(d), the Court cannot consider

12  counsel's motion. Moreover, as the Motion to Withdraw does not comply with the Local Rules and

13  must be denied, the Application to Shorten Time is moot.

14       In the event that Defendants' counsel wishes to refile a motion to withdraw that complies with

15  L.R. 182(d), the Court notes that counsel may also file a motion before the District Judge to continue

16  the hearing date on the Motion for Summary Judgment that is currently set for September 27, 2010.

17  (*See* L.R. 230(f).)

18       Accordingly, IT IS HEREBY ORDERED that:

19       1.   Defendants' counsel's Motion to Withdraw as Attorney of Record for Defendants is

20            DENIED WITHOUT PREJUDICE; and

21       2.   Defendants' counsel's Application for an Order Shortening Time on Motion to

22            Withdraw as Attorney of Record for Defendants is DENIED as moot.

23

24  IT IS SO ORDERED.

25  **Dated:    September 8, 2010**              **/s/ Sheila K. Oberto**
                                           UNITED STATES MAGISTRATE JUDGE
26

27

28