1  Robert L. Sullivan, Jr., # 41711                    (SPACE BELOW FOR FILING STAMP ONLY)
   Devon R. McTeer, #230539
2  McCormick, Barstow, Sheppard,
   Wayte & Carruth LLP
3  P.O. Box 28912
   5 River Park Place East
4  Fresno, CA  93720-1501
   Telephone:    (559) 433-1300
5  Facsimile:    (559) 433-2300

6  Attorneys for Plaintiffs
   MONTRY MCNALLY; RUBY BELL; and
7  KENNETH BALES

8                     UNITED STATES DISTRICT COURT

9                     EASTERN DISTRICT OF CALIFORNIA

10

11
   MONTRY MCNALLY; RUBY BELL;              Case No.  1:09-CV-01184-AWI-SMS
12 and KENNETH BALES,
                                           **OPPOSITION TO DEFENDANTS' MOTION
13              Plaintiffs,                 TO AMEND SCHEDULING ORDER TO
                                           ALLOW THE FILING OF A CROSS-
14      v.                                 COMPLAINT**

15 EYE DOG FOUNDATION FOR THE              Hearing      November 19, 2010
   BLIND, INC.; EYE DOG FOUNDATION         Time         9:30 a.m.
16 PROFIT SHARING PLAN; GWEN               Courtroom    #8  - Magistrate Judge Sheila K.
   BROWN, an individual, and DOES 1                     Oberto
17 through 50,
                                           Trial:       June 14, 2011
18              Defendants.

19

20         Plaintiffs MONTRY  MCNALLY, RUBY  BELL, and  KENNETH  BALES (hereinafter

21 collectively referred to as "Plaintiffs") submit the following Opposition to Defendants' "Motion

22 to Amend Scheduling Order to Allow the Filing of a Cross-Complaint" filed by Defendants EYE

23 DOG FOUNDATION FOR THE BLIND, INC., EYE DOG FOUNDATION PROFIT SHARING

24 PLAN, and GWEN BROWN (hereinafter collectively referred to as "Defendants".)

25 \\\

26 \\\

27 \\\

28 \\\

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

OPPOSITION TO DEFENDANTS' MOTION TO AMEND SCHEDULING ORDER

# I.
## RELEVANT FACTUAL AND PROCEDURAL HISTORY

Prior to October 8, 2006, Ms. Lequita McKay was employed by EYE DOG FOUNDATION FOR THE BLIND, INC. (hereafter the "Eye Dog Foundation") as its Chief Executive Director.  Pursuant to her employment with the Eye Dog Foundation, Ms. McKay was a participant in the EYE DOG FOUNDATION PROFIT SHARING PLAN (hereafter referred to as "The Plan") which was legally adopted and administered by entities separate and apart from the Eye Dog Foundation.

Upon her retirement, and on numerous occasions between October 2006 and July of 2007, Ms. McKay requested that distribution be made to her under the Plan.  No action was taken by Defendants in response.  Ms. McKay died on July 20, 2007.  Since September of 2007, Plaintiffs, as beneficiaries, made repeated efforts to obtain payment of the benefits accrued under the Plan, but all without success.  Other than one letter from Defendant Gwen Brown to Plaintiff Ruby Bell on September 16, 2008, Defendants ceased all communication with Plaintiffs. (See Answer to the Complaint at ¶20 attached as Exhibit "B" to Plaintiffs' Request for Judicial Notice ("RJN").)

On July 7, 2009, Plaintiffs filed a Complaint against Defendants for various violations of the Employee Retirement Income Security Act of 1974 (hereafter referred to as "ERISA"), 29 U.S.C.S. §§ 1131, et. seq.  (See Complaint attached as Exhibit "A" to Plaintiffs' RJN)  On November 25, 2009, Plaintiffs filed their First Amended Complaint against Defendants. Defendants filed their Answer to the Complaint on August 17, 2009 and their Answer to the First Amended Complaint on December 15, 2009, setting forth only one defense– that they "deny the legal validity of the Defendant Foundation's purported profit sharing plan and contend that such purported plan was never properly authorized or established by the Foundation but, rather that the purported plan was ostensibly established, directed, dominated, controlled and used for the primary purpose and benefit of the Foundation's founder, Ms McKay."  (See Answer to the Complaint attached as Exhibit "B" to Plaintiffs' RJN)

On March 10, 2010, while still being represented by the law offices of Rosoff, Schiffres & Barta and while claiming that that no legally valid Profit Sharing Plan existed, Defendants

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

1   wrongfully withdrew $49,000 from the Plan's assets located in a Morgan Stanley account.

2   Plaintiffs' were forced to filed a Motion for a Preliminary Injunction to Freeze the Assets of the

3   Plan.  The Motion was granted by this Court on May 24, 2010.

4          Defendants have never actively participated in this case, and only one day before their

5   Opposition to the Motion for Summary Judgment was to due to be filed, Defendants applied ex

6   parte to continue the trial date.  On October 18, 2010, the Court granted Defendants' request and

7   amended the scheduling order reflecting the new trial date and all cut off dates.

8          Although Defendants have previously (as early as 2008) asserted allegations regarding

9   Ms. McKay's alleged misconduct and the validity of the Plan, by way of the present Motion,

10  Defendants seek to file an untimely counterclaim against Plaintiffs and two new parties setting

11  forth the same allegations.  As will be set forth below, (1) Defendants have unduly delayed

12  seeking leave to file a counterclaim; (2) granting the Motion would be prejudicial to Plaintiffs; (3)

13  Defendants have filed the Motion in bad faith; and (4) any amendment to the pleadings would be

14  futile.  In short, there is absolutely no good cause to justify Defendants' delayed request for leave

15  to file a counterclaim.  Accordingly, Defendants' Motion should be denied.

16                                     **II.**
                              **LAW AND ARGUMENT**
17

18     **A.  Defendants' Motion Is Incorrectly Denominated.**

19         Defendants incorrectly denominate their Motion as a "Motion to Amend Scheduling Order

20  to Allow Filing of a Cross-Complaint."  This Motion is improperly titled as cross-complaints do

21  not exist in federal court.  A claim against an underlined opposing party is called a "counterclaim" under

22  FRCP 13(a)-(e).  It is understood that Defendants are seeking leave to file a Counterclaim.  Thus,

    Plaintiffs will treat the Motion as such.
23     **B.  Defendants' Motion For Leave To File A Counterclaim Was Sought With Undue
           Delay, Is Prejudicial, Made In Bad Faith And Is Futile.**
24

25         Under Federal Rule of Civil Procedure ("FRCP") Rule 15, an omitted counterclaim may

26  be added to an answer once, as a matter of right, within 21 days after the answer is served.

27  (FRCP 15(a)(1)(A).)  However, all subsequent amendments can be added only with the opposing

28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

3
OPPOSITION TO DEFENDANTS' MOTION TO AMEND SCHEDULING ORDER

party's written consent or leave of court.  (FRCP 15(a)(2).)  While these subsequent amendments are to be given "where justice is so required", a district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile."  (FRCP 15(a)(2); *Amerisource Bergen Corp. v. Dialysis West, Inc.* (9th Cir. 2006) 465 F.3d 946, 951.)  A district court may find one factor or a combination of factors sufficient to deny leave to amend. (*In re Circuit Breaker Litig.* (C.D. Cal. 1997) 175 F.R.D. 547, 550.)

In addition, where a case management scheduling order sets a deadline for amending pleadings and the deadline has passed, the liberal policy regarding amendment of pleadings no longer applies.  To allow the amendment, the scheduling order must be modified and "good cause" must be shown (FRCP 16(b)(4); *Coleman v. Quaker Oats Co.* (9th Cir. 2000) 232 F.3d 1271, 1294; ; *Johnson v. Mammoth Recreations, Inc.* (9th Cir. 1992) 975 F.2d 604, 609.)  This case is a paradigmatic example of all four concerns set forth in *Amerisource* and Defendants have not shown good cause why they should be given leave to file a counterclaim in this action.

### a.  Defendants Have Unduly Delayed the Filing of a Counterclaim.

A defendant must plead any claim which, at the time of responding to the complaint, it has against the plaintiff if that claim "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." (FRCP 13(a)(1)(A),(B).)  Motions for leave to amend filed before the deadline may be timely as far as the pretrial scheduling order, but must still be analyzed for "undue delay" under Rule 15(a)(2).  (*Amerisource, supra,* 465 F.3d at 952-953.)

A delay in the litigation includes failures to seek leave to amend in a timely manner. (*Jackson v. Bank of Hawaii* (9th Cir. 1990) 902 F.2d 1385, 1388.)  Leave to amend has been denied where the moving party either knew or should have known when drafting the original pleading the facts on which the amendment is based, but did not include them in the original pleading.  (*Kaplan v. Rose* (9th Cir. 1994) 49 F.3d 1363, 1370; *Invest Almaz v. Temple-Inland*

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

4

OPPOSITION TO DEFENDANTS' MOTION TO AMEND SCHEDULING ORDER

1   *Forest Products Corp.* (1st Cir. 2001) 243 F.3d 57, 72 – what plaintiff should have known and

2   what he should have done are relevant to the question of whether justice requires leave to amend.)

3   According to the Ninth Circuit, "late amendments to assert new theories are not reviewed

4   favorably when the facts and the theories have been known to the party seeking amendment since

5   the inception of the cause of action." (*Acri v. International Ass'n of Machinists* (9th Cir.) 781 F.2d

6   1393, 1398.)  An egregious, unexplained delay alone may be a sufficient basis for denying leave

7   to amend. (*Minter v. Prime Equip. Co.* (10th Cir. 2006) 451 F2d 1196, 1206; *Amerisource, supra,*

8   465 F.3d at page 953 [8-month unexplained delay].)

9          Here, Defendants knew the facts upon which their proposed Counterclaim is based as

10   early as 2008 and previously included these facts in their Answer to the Complaint filed on

11   August 17, 2009.  In October 2006, Lequita McKay began requesting her distributions under the

12   Profit Sharing Plan.  (See Defendants' Answer to the Complaint at ¶16 attached as Exhibit "B" to

13   Plaintiffs' RJN)  In her September 16, 2008 letter attached as Exhibit "C" to the Complaint,

14   Defendant Gwen Brown clearly expressed her concern regarding the legality of the Plan at issue

15   and alleged misconduct on the part of Lequita McKay.  (See Complaint attached as Exhibit "A"

16   to Plaintiffs' RJN and Defendants' Answer to the Complaint at ¶20 attached as Exhibit "B" to

17   Plaintiffs' RJN.)  In her September 16, 2008 letter, Defendant Brown stated, ***"there are serious***

18   ***questions concerning the propriety of a Non-Profit Charity implementing a For Profit Sharing***

19   ***Plan…"*** (*Id.* [Emphasis Added])  She also stated, ***"Lequita McKay removed money from The***

20   ***Eye Dog Foundation funds …"*** (*Id.* [Emphasis Added])  Since Defendants accused Ms. McKay

21   and Plaintiffs of misconduct and questioned the validity of the Plan as early as 2008, under Rule

22   13, Defendants' claims are untimely.  Defendants offered no reason why they did not assert the

23   proposed counterclaims when they filed their Answer to the Complaint, which set forth the same

24   assertions.  Thus, their Motion should be denied.

25          **b.   <u>Granting Leave to Amend Would Severely Prejudice the Plaintiffs.</u>**

26          Prejudice to an opposing party is by far the most important and most common reason for

27   denying leave to amend.  Prejudice is the touchstone of the inquiry under Rule 15(a).  (*Eminence*

28   *Capital, LLC v. Aspeon, Inc.* (9th Cir. 2003) 316 F.3d 1048, 1052; *Lone Star Ladies Invest. Club*

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

5

OPPOSITION TO DEFENDANTS' MOTION TO AMEND SCHEDULING ORDER

1   *v. Schlotzsky's Inc.* (5th Cir. 2001) 238 F.3d 363, 368.)  The longer the delay in seeking to amend

2   a counterclaim, the less of a showing of prejudice is needed for denial of the motion. (*In re*

3   *Circuit Breaker Litig.*, *supra*, 175 F.R.D. at page 55; *Block v. First Blood Assocs.* (2d Cir. 1993)

4   988 F.2d 344, 350.)

5         As indicated in their Opposition to the Motion to Continue Trial, Plaintiffs have been

6   prejudiced due to Defendants' refusal to distribute the assets owed to them under the Plan, as well

7   as Defendants' refusal to diligently defend themselves in this action. (See Declaration of Montry

8   McNally in support of Opposition for Motion to Continue at ¶12 attached as Exhibit "C" to

9   Plaintiffs' RJN)   Plaintiffs have suffered and continue to suffer emotional distress due to

10   Defendants' egregious actions, including grief, shame, humiliation, embarrassment, anger,

11   disappointment, worry and substantial anxiety and stress.  (Id. at ¶13.)  It is Plaintiff Montry

12   McNally's belief that Defendants, particularly Gwen Brown, seek to profit from the advanced age

13   and failing health of each Plaintiff, by extending the litigation until Defendants literally outlast

14   Plaintiffs and are relieved of any obligation to pay Plaintiffs the assets owed; just like they did

15   with Lequita McKay.  (Id. at ¶14.)  This behavior on the part of Defendants is unfairly prejudicial

16   and clearly meant as a stalling device to avoid paying what they legally owe Plaintiffs.  Given the

17   substantial prejudice that would be suffered by Plaintiffs due to their advanced age and medical

18   conditions and due to the fact that Defendants have egregiously delayed in seeking to file a

19   counterclaim, Plaintiffs ask this Court to deny Defendants' Motion.

20         **c.  <u>Defendants Are Acting In Bad Faith In Seeking Leave To Amend.</u>**

21         A motion for leave to amend must be made in good faith. (See *Thornton v. McClatchy*

22   *Newspapers, Inc.* (9th Cir. 2001) 261 F.3d 789, 799.)  Defendants in this case cannot meet this

23   threshold requirement.  Before the filing of this litigation, Defendants refused to respond to

24   correspondence from Plaintiffs and Lequita McKay for over two years.  (See Declaration of

25   Montry McNally in support of Opposition for Motion to Continue at ¶¶6-7 attached as Exhibit

26   "C" to Plaintiffs' RJN)  As set forth in Plaintiffs' Opposition to the Motion to Continue Trial,

27   Defendants have been represented by four different attorneys since the initial Complaint was filed

28   in July of 2009, three of which withdrew their representation due to a breakdown in

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP

5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

6

OPPOSITION TO DEFENDANTS' MOTION TO AMEND SCHEDULING ORDER

communications with Defendants.   Defendants have avoided service of process on many occasions which forced Plaintiffs to hire a private investigator to confirm their whereabouts. Defendants also failed to obtain new representation for months.   The only explanation for such evasion is that Defendants are deliberately avoiding the lawful distributions owed to Plaintiffs. Such improper conduct is an attempt to undermine the rule of law and abuse the federal court process.  This conduct epitomizes bad faith and should not be tolerated.

### d.  Allowing Defendants Leave to File Their Proposed Counterclaim Is Futile.

Ordinarily, courts do not consider the validity of a proposed amended pleading in deciding whether to grant leave to amend.  (*SAES Getters S.p.A. v. Aeronex, Inc.* (SD CA 2002) 219 F.Supp. 2d 1081, 1086.)  However, leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal.  (*Saul v. United States* (9th Cir. 1991) 928 F.2d 829, 843; *FDIC v. Connor* (5th Cir. 1994) 20 F.3d 1376, 1385.)

### i.  Any Alleged Claims Based Upon The Conduct Of Lequita McKay Are Barred By The Statute Of Repose.

Defendants' allegations set forth in their proposed Counterclaim are primarily based upon the conduct of Ms. Lequita McKay.  Under California Code of Civil Procedure Section 366.2, claims against a deceased person must be brought within one year of that person's death.  (CCP §366.2)  Ms. McKay died in July 2007.  As such, the statute of repose has run on any claims Defendants have which are based upon the conduct of Ms. McKay.

### ii.  The Statute Of Limitations Has Run On Defendants' Counterclaims.

An amendment is futile if the statute of limitations has run. (*FDIC, supra,* 20 F.3d at page 1385.)  Here, each of the causes of action asserted in Defendants' proposed counterclaims are futile due to the fact that the statute of limitations have run relating to these claims.

First, even if a fiduciary duty were owed by Plaintiffs (which it was not) the statute of limitations for a claim of breach of fiduciary duty under ERISA, where the complaining party was aware of the alleged breach, is three years.  (29 U.S.C. § 1113.)  As set forth above and as admitted in Defendants' Answer to the Complaint at ¶¶16-20, Lequita McKay began requesting her distributions under the Profit Sharing Plan over four years ago, in October 2006, and Plaintiffs

1    continued her efforts upon her death in 2007.  Despite Defendant Brown's September 16, 2008

2    allegations that the Plan was not legally valid and that Ms. McKay's conduct relating to the Plan

3    was wrongful, Defendants waited until October of 2010, after the statute of limitations ran, to

4    seek leave to file a counterclaim against Plaintiffs setting forth the same alleged misconduct.

5         The statute of limitations to assert a claim of negligence is two years.  (C.C.P. 335.1)    In

6    their proposed Counterclaim, Defendants claim that each Plaintiff breached their duty to the Eye

7    Dog Foundation, "by conducting themselves during the course and scope of their employment,

8    with respect to the Foundation, and or inadequately monitoring, training and agreeing with

9    McKay to cause deposits to be made with Morgan Stanley so as to disproportionately benefit

10   themselves either directly and/or indirectly."  (See Defendants' Proposed Counterclaim at ¶53.)

11   Plaintiffs McNally and Bales were never employees of the Foundation. However, even if they

12   were, the alleged negligence took place before Ms. McKay's death in 2007.  In addition, as

13   indicated above, Defendants accused Ms. McKay of wrongful conduct as early as September

14   2008, but nevertheless waited until October 2010 to assert claims regarding this conduct.  Thus,

15   the statue of limitations regarding a negligence cause of action has run.

16        As to the third and fourth causes of action for unjust enrichment and negligent

17   misrepresentation, it is difficult to determine whether the statute of limitations has run because

18   Defendants fail to set forth any factual basis or time frame for their claim.  However, as set forth

19   above, Plaintiffs have been unsuccessfully seeking distributions since 2007 and Defendants have

20   been fully aware of any counterclaim they may have against Plaintiffs as early as 2008.

21   Therefore, Defendants' Motion should be denied as their proposed Counterclaim is time barred.

22              iii.   **The Allegations Set Forth In The Proposed Counterclaim Are**
                      **Admittedly Speculative.**

23

24        The claims asserted against Plaintiffs in Defendants' proposed Counterclaim are based on

25   pure speculation.  A complainant must provide "factual allegations" in their pleadings that are

26   "enough to raise a right to relief above the speculative level." (*Bell Atlantic Corp. v. Twombly*

27   (2007) 550 U.S. 544, 555.) ***Where a party seeks to amend after the opposing side has moved for***

28   ***summary judgment, leave to amend may be denied unless the party requesting leave to amend***

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

8

OPPOSITION TO DEFENDANTS' MOTION TO AMEND SCHEDULING ORDER

1   *can produce "substantial and convincing evidence" supporting the proposed amendment.*

2   (*Cowen v. Bank United of Texas*, FSB (7th Cir. 1995) 70 F.3d 937, 944; *Parish v. Frazier* (5th

3   Cir. 1999) 195 F.3d 761, 764 [Emphasis Added].)   The court in *Cowen* held that the party

4   requesting leave may simply be maneuvering to stave off dismissal of the case. (*Cowen, supra,*

5   70 F.3d at 944.)   "With this a possibility, district judges are not content with an allegation

6   sufficient in law; they want to see some evidence to back it up." (*Ibid.*)

7   There is a Motion for Summary Judgment pending before this court which was originally

8   filed by Plaintiffs on August 13, 2010.   In their Motion for Leave to File a Counterclaim,

9   Defendants' counsel Ralph Harrison states in his declaration that his clients only "***may*** have

10  certain claims against Plaintiffs." (See Harrison Declaration at ¶6.)   In their Motion, Defendants

11  state that "unauthorized and improperly executed checks ***may have*** been used to fund the plan as

12  well as for other purposes." (Defendants' Motion to Amend 3:25-4:1)   They state that they are

13  questioning "how to address Ms. McKay's conduct while she was in charge of the organization."

14  (*Id.* at 4:5-7.)   Defendants have clearly failed to present "substantial and convincing evidence"

15  sufficient to allow this Court to believe that a right to relief is anything beyond pure speculation.

16  ### iv.   Plaintiffs Did Not Owe Defendants A Fiduciary Duty.

17  Defendants allege that Plaintiffs owed a fiduciary duty to the Eye Dog Foundation merely

18  by virtue of "their employment agreement and/or indirectly as beneficiaries." (See Defendants'

19  proposed Counterclaim at ¶41)   However, the law clearly does not force a fiduciary duty upon

20  plan beneficiaries.   Neither does it make fiduciaries out of mere employees.   Under 29 U.S.C.

21  2002(21)(a), it is impossible for employees to be fiduciaries of a Profit Sharing Plan unless they

22  control it.

23  Here, Plaintiffs were merely beneficiaries of the Plan and only Ruby Bell, not Montry

24  McNally or Kenneth Bales, was an employee of the Eye Dog Foundation. (See Declaration of

25  Montry McNally in support of Opposition to Motion to Continue at ¶¶8-10)   In addition, Plaintiff

26  Ruby Bell did not become employed until the end of 1997 or the beginning of 1998, long after the

27  Plan was implemented. (Id. at ¶9.)   Defendants also bring claims of negligence, unjust

28  enrichment, and negligent representation based on a fabricated "duty of care" owed by Plaintiffs

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

9

OPPOSITION TO DEFENDANTS' MOTION TO AMEND SCHEDULING ORDER

1   as alleged "officers" of Eye Dog Foundation.   Plaintiffs were never officers of the Eye Dog

2   Foundation.  (Id. at ¶8-10)  Thus, Defendant's claim for breach of fiduciary duty would be subject

3   to dismissal.

4              **v.   Defendants Cannot File A Counterclaim Against Morgan Stanley And**
           **David Young Without Seeking Leave to Join Them As Parties To This**

5              **Case. Thus the Proposed Counterclaim is Futile.**

6         In their "cross-complaint", Defendants assert claims against Morgan Stanley and David

7   Young.  However, Morgan Stanley and David Young are not yet parties to this litigation and

8   Defendants have not made any effort to join these parties.  Amendments seeking to add *claims* are

9   to be granted more freely than amendments adding *parties*.  (*Union Pacific R.R. Co. v. Nevada*

10  *Power Co.* (9th Cir. 1991) 950 F.2d 1429, 1432; *Becherer v. Merrill Lynch, Pierce, Fenner &*

11  *Smith, Inc.* (6th Cir. 1995) 43 F.3d 1054, 1069 -amendment to add party over one year after

12  complaint filed denied as to prejudicial to new party.)  In addition, personal jurisdiction must be

13  established as to all third parties joined in a counterclaim. (Fed. R. Civ. P 13(a)(1)(B).)  It is

14  important to determine whether this Court has personal jurisdiction over the additional named

15  parties because without this information, the counterclaim cannot be entertained.  (*Id.*)

16  Therefore, Defendants' proposed Counterclaim is futile.

17  **III.**

18  **CONCLUSION**

19
20        For the foregoing reasons, Plaintiffs respectfully request that Defendants' "Motion to

Amend Scheduling Order to Allow the Filing of a Cross-Complaint" be denied.

21  Dated: October 28, 2010                                  McCORMICK, BARSTOW, SHEPPARD,
                                                            WAYTE & CARRUTH LLP
22

23

24  By:_____/s/  Devon R. McTeer_____
                      Devon R. McTeer

25                    Robert L. Sullivan, Jr.
                    Attorneys for Plaintiffs

26         MONTRY MCNALLY; RUBY BELL;
                 and KENNETH BALES

27

28  56279/00000-1637432.v1

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

10

OPPOSITION TO DEFENDANTS' MOTION TO AMEND SCHEDULING ORDER