# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTRY McNALLY; RUBY BELL; and KENNETH BALES,<br><br>    Plaintiffs,<br><br>v.<br><br>EYE DOG FOUNDATION FOR THE BLIND, INC.; EYE DOG FOUNDATION PROFIT SHARING PLAN; GWEN BROWN; and DOES 1 through 50,<br><br>    Defendants.<br>_____ / | CASE NO. 1:09-cv-01184-AWI-SKO<br><br>**ORDER DENYING MOTION TO WITHDRAW AS ATTORNEY OF RECORD FOR DEFENDANTS**<br><br>(Docket No. 122) |

## I. INTRODUCTION

On March 22, 2011, counsel for Defendants Gwen Brown, Eye Dog Foundation for the Blind, Inc., and Eye Dog Foundation Profit Sharing Plan ("Defendants") filed a Motion to Withdraw as Attorney of Record for Defendants ("Motion to Withdraw"). (Doc. 122.) Defendants' counsel, Mr. Harrison, states that Ms. Brown recently suffered the death of her son and has been unable to provide information necessary to prepare an opposition to Plaintiffs' pending motion for summary judgment. (Doc. 122, 4:11-12.) Mr. Harrison further states that Ms. Brown and the Defendants generally have been unwilling to cooperate with him in presenting a defense to the motion for summary judgment (Doc. 122, 5:17-21), that there has been an irremediable breakdown of the

attorney-client relationship between counsel and Defendants (Doc. 122,7:24-9:4), and that Defendants refuse to make timely payment of attorneys' fees (Doc. 122, 9:9-23). Mr. Harrison contends his withdrawal will not prejudice his clients as follows:

> Counsel has taken all available and reasonable steps to avoid any foreseeable prejudice to the Defendants' rights, including, but not limited to providing advance notice of his intention to move for withdrawal if not paid. Such notice include[s] a series of telephone calls and electronic mail regarding this and other subjects. Defendants will not be prejudiced by Counsel's withdrawal at this time. The case is still pending and relief [is] available. Defendants have ample time to retain counsel and/or redress issues in this matter or review rulings of this Court. On the other hand, Counsel will be irreparably prejudiced and harmed [if] he must continue to represent Defendants in the face of the current breakdown of communication and non-payment for services rendered.

(Doc. 122, 9:26-10:11.)   Finally, counsel requests that the current hearing date scheduled for Plaintiffs' motion for summary judgment be continued.

## II.   DISCUSSION

The decision to grant or deny an attorney's motion to withdraw is within the discretion of the trial court. *Huntington Learning Ctrs., Inc. v. Educ. Gateway, Inc.*, No. CV 09-3200 PSC (VBKx), 2009 WL 2337863, at *1 (C.D. Cal. July 28, 2009); *see also Washington v. Sherwin Real Estate*, 694 F.2d 1081, 1087 (7th Cir. 1982). In determining whether to allow counsel to withdraw, courts often weigh the following factors: (1) the reasons why withdrawal is sought; (2) the prejudice that withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case. *CE Res., Inc. v. Magellan Group, LLC*, No. 2:08-cv-02999-MCE-KJM, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009). This Court's applicable Local Rule 182(d) provides that "[l]eave to withdraw may be granted subject to such appropriate conditions as the Court deems fit."    Mr. Harrison's current motion is his second motion to withdraw that the Court has entertained this month. On March 2, 2011, in connection with Mr. Harrison's previous motion to withdraw, the Court weighed numerous factors at length on the record and ultimately denied the motion, concluding as follows:

> Mr. Harrison's withdrawal would at best cause lengthy and prejudicial delay to the plaintiffs and at worst would be highly prejudicial to defendants' ability to defend against the motion for summary judgment. [The Court] also find[s] the withdrawal will hinder the administration of justice and will delay the ultimate resolution of this litigation.

(Doc. 121, 20:11-16.)

Mr. Harrison's current motion to withdraw was filed a mere twenty days since the Court denied his previous motion to withdraw as counsel for Defendants. (*See* Doc. 112.) Nothing in the circumstances of the case has changed to make withdrawal more appropriate now than it was twenty days ago. If anything, Mr. Harrison's current motion to withdraw has even more potential to prejudice *all* the litigants if granted.

The Court finds Mr. Harrison's assertion that his withdrawal will not prejudice the Defendants to be **entirely** unsupported and implausible. On the contrary, his latest motion to withdraw as counsel – filed a mere six days prior to the deadline to file an opposition to Plaintiffs' motion for summary judgment – is **highly prejudicial** to the Defendants. There is no time for the Defendants to retain new counsel prior to the deadline to oppose Plaintiffs' motion for summary judgment. There is hardly a more prejudicial time for an attorney to withdraw as counsel than days before his client is required to file a substantive opposition to a dispositive motion. Moreover, given the posture of this case and the numerous continuances already granted with regard to every single scheduling date and, in particular, the pending motion for summary judgment, Mr. Harrison's withdrawal would cause further lengthy delay while Defendants attempt to retain new counsel, which would, in turn, result in significant prejudice to Plaintiffs.[1]

As to Mr. Harrison's contention that Defendants have failed to provide him with the information necessary to oppose the motion for summary judgment and his assertion that there is an irremediable breakdown of communications with Defendants, the Court has nothing before it to corroborate that statement. While the attorney-client privilege prevents Mr. Harrison from setting forth details regarding the communication breakdown on the record, he vaguely states that "[c]ommunication with Defendants in one respect has been hindered and proven impossible in others," and makes no attempt to request to file a sealed declaration regarding these events.

Mr. Harrison's argument that he should be allowed to withdraw because his fees have not been paid is likewise misplaced. (*See* Doc 122, 10:8-10 ("Counsel will be irreparably prejudiced

---

[1] The Court provided a lengthy recitation in open court on March 2, 2011, of the prejudice Plaintiffs would suffer if Mr. Harrison were permitted to withdraw. (*See* Doc. 121, 12:9 - 16:10.) Those factors have not be mitigated in the last 20 days, and there is no reason to restate them for purposes of this order.

1 and harmed [if] he must continue to represent Defendants in the face of the current breakdown of
2 communication and non-payment for services rendered.").)  Even if Defendants had not paid Mr.
3 Harrison anything – which is most certainly not the case here – this does not require the Court to
4 relieve Mr. Harrison of the representation.[2]  Further, prejudice to a party's *counsel* is not one of the
5 factors traditionally weighed by courts in considering motions to withdraw, and in light of the
6 posture of this case, the Court finds it a particularly inappropriate factor here.

7    Mr. Harrison's motion to withdraw as counsel is DENIED and may not be refiled on the same
8 grounds prior to the hearing on Plaintiff's motion for summary judgment.  The passing of Defendant
9 Gwen Brown's son is good cause for a brief continuance of the motion for summary judgment so that
10 Defendants may have additional time to file a brief in opposition to that motion.[3]  The Court finds
11 Ms. Brown's personal circumstances warrant a brief extension of the applicable dates.

12    Accordingly, IT IS HEREBY ORDERED THAT:

13 1. Mr. Harrison's Motion to Withdraw as Attorney of Record for Defendants is
14    DENIED;
15 2. The hearing on Plaintiffs' Motion for Summary Judgment is CONTINUED to **May**
16    **2, 2011**;
17 3. The pre-trial conference is CONTINUED to **July 27, 2011**; and
18 4. The trial date is CONTINUED to **August 23, 2011.**

20 IT IS SO ORDERED.

21 **Dated:   March 24, 2011**                    /s/ Sheila K. Oberto
                                              UNITED STATES MAGISTRATE JUDGE

---

[2] Certain details regarding Mr. Harrison's fees were stated during sealed proceedings on March 2, 2011, which will not be stated in this order.

[3] While Plaintiffs' attorneys have stated their strenuous objection to any further continuance of the hearing on Plaintiffs' motion for summary judgment (*see* Doc. 121, 22:23-25 - 23:1-23), a brief continuance is appropriate in light of the passing of Ms. Brown's son and is unlikely to create any additional expense for Plaintiffs.