**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **MONTRY MCNALLY; RUBY BELL; and KENNETH BALES,**<br><br>　　　　　　　**Plaintiffs**,<br>　　v.<br><br>**EYE DOG FOUNDATION FOR THE BLIND, INC., EYE DOG FOUNDATION PROFIT SHARING PLAN, GWEN BROWN, an individual, and DOES 1 through 50,**<br><br>　　　　　　　**Defendants.** | 1:09-CV-1184 AWI SKO<br><br>**ORDER FOR SUPPLEMENTAL BRIEFING AND VACATING PRETRIAL CONFERENCE AND TRIAL DATES** |

　　　In addition to claims brought under ERISA, Plaintiffs bring claims under California law for (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; (3) fraud; (4); negligent misrepresentation; (5) violation of Business and Professions Code § 17200; and (6) intentional infliction of emotional distress.

　　　While the parties have not addressed the issue, it appears to the Court that Plaintiffs' state law claims may be preempted under ERISA. ERISA § 514(a) preempts a state law claim if it "relates to" an employee benefit plan. See 29 U.S.C. § 1144(a). "In determining whether a state law relates to ERISA, a court must evaluate whether the state law 'has a connection with or reference to' employee benefit plans." Bast v. Prudential Ins. Co. of Am., 150 F.3d 1003, 1007 (9th Cir. 1998) (citation omitted).

1  "In evaluating whether a common law claim has 'reference to' a plan governed by
2  ERISA, the focus is whether the claim is premised on the existence of an ERISA plan, and
3  whether the existence of the plan is essential to the claim's survival. If so, a sufficient
4  'reference' exists to support preemption." Providence Health Plan v. McDowell, 385 F.3d 1168,
5  1172 (9th Cir. 2004) (citations omitted). "In determining whether a claim has a 'connection
6  with' an employee benefit plan, courts in this circuit use a relationship test. Specifically, the
7  emphasis is on the genuine impact that the action has on a relationship governed by ERISA, such
8  as the relationship between the plan and a participant." Id. (citations omitted). Stated another
9  way, where "the existence of [an ERISA] plan is a critical factor in establishing liability" under a
10 state cause of action, the state law claim is preempted. Wise v. Verizon Commc'ns, Inc., 600
11 F.3d 1180, 1190 (9th Cir. 2010) (citation omitted). ERISA's preemption provision functions
12 "even when the state action purport[s] to authorize a remedy unavailable under the federal
13 provision." Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 144 (1990).

14        Accordingly, IT IS HEREBY ORDERED:
15   1.   Within fourteen (14) days from the date of this order, the parties shall file
16        supplemental briefing on the issue of whether Plaintiffs' state law claims are
17        preempted under ERISA;
18   2.   The parties may file a reply brief within seven (7) days of the filing of the
19        opposing parties' brief; and
20   3.   The August 5, 2011 Pretrial Conference and August 23, 2011 Trial dates are
21        VACATED. The Court will set new dates for the Pretrial Conference and Trial
22        after the Court issues a ruling on Plaintiffs' motion for summary judgment.
23 IT IS SO ORDERED.

24
25 Dated:   July 22, 2011                      _____
                                              CHIEF UNITED STATES DISTRICT JUDGE
26
27
28                                    2